## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMMANUEL EDOKOBI, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. DKC-13-3378 |
| JUDGE FREDERICK J. MOTZ | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Emmanuel Edokobi is suing the Honorable J. Frederick Motz,[1] a member of this bench, under 42 U.S.C. §§ 1981 and 1983, for alleged "race-based retaliation and discrimination" and due process violations. Edokobi, who is self-represented, has paid the full $400 filing and administrative fee. As relief, he requests damages and declaratory relief.

### I. Background

Edokobi's allegations arise from an earlier case, *Edokobi v. Litton Loan Servicing LP*, Civil Case No. JFM-11-1332 (D. Md. 2011), over which Judge Motz presided. In that case, Edokobi, proceeding pro se, sued Litton, the servicer of the mortgage on his foreclosed home, for actions allegedly taken to secure the property after foreclosure. Specifically, Edokobi alleged Litton acted wrongfully on May 18, 2010, by installing new locks and removing his personal belongings from the residence. *Id.*, ECF No. 7 at 1. During the course of the proceeding, Edokobi filed two motions challenging Judge Motz's assignment to the case. The motions were based on Edokobi's erroneous assumption that his case had been transferred to the North Division of the District of Maryland. *Id.* As was explained to Edokobi by Judge Motz in a Memorandum dated August 12, 2011, the case had not been transferred; rather, Judge Motz was

---

[1] Plaintiff erroneously names "Frederick J. Motz" in the heading of this case. Judge Motz's name is J. Frederick Motz and the docket will be amended accordingly.

assigned cases in the Southern Division due to a temporary shortage of judges. *Id*. at ECF No. 25. The case assignment was appropriate, and Judge Motz denied both Motions. *Id*. at ECF No. 26.

On June 15, 2012, Judge Motz granted summary judgment in favor of Litton. *Id*. at ECF Nos. 74, 83 and 84.[2] In the accompanying Memorandum, there was an inadvertent typographic error which may have given rise to the concerns Edokobi is presenting. The Memorandum reads:

> The ground for the motion is that on deposition plaintiff admitted that he did not have any evidence to show that defendant was involved in the alleged events of May 18, 2010, which provide a basis for this action. The record establishes that defendant was, in fact, not involved in those events. The evidence as presented in support of defendant's motion for summary judgment establishes that defendant did not install locks on the doors of plaintiff's residence until May 29, 2010 - eleven days after the events alleged in the amended complaint occurred. By that time plaintiff's residence was vacant, and defendant, as the servicer of a mortgage on the subject premises, acted entirely appropriately to secure the property under the terms of the applicable deed of trust.
>
> In opposing the motion plaintiff has come forward with no evidence to suggest that **plaintiff** did act improperly by installing new locks on the subject premises and removing his personal belongings on May **11**, 2010. Accordingly, defendant is entitled to the summary judgment it seeks.

*Id*. at ECF No. 83. (emphasis added). Clearly, the Memorandum meant to state, "[i]n opposing the motion Plaintiff has come forward with no evidence to suggest that **Defendant** acted improperly by installing new locks on the subject premises and removing his personal belongings on May 18, 2010." (emphasis added). If these inadvertent typographical errors somehow suggested to Edokobi that he was accused of changing the locks and removing his own personal belongings, and lying about others having changed the locks, this clarification will allay his concerns of false innuendo.

---

[2] Edokobi's appeal of the decision was dismissed by the United States Court of Appeals for the Fourth Circuit in *Edokobi v Litton Loan Servicing, LLP*, CA4 No.12-1760 (March 29, 2013) (unpublished), and his Petition for Writ of Certiorari was denied by the Supreme Court. *See Edokobi v. Litton Loan Servicing, LP*, 134 S. Ct. 204 (U.S. October 07, 2013) (No. 12-1500).

## II. Discussion

This Complaint seeks to hold a federal district judge liable for alleged civil rights violations arising out of his performance of judicial decisions rendered in a prior case. It is well-settled law that judges are entitled to immunity to suit in the performance of their judicial functions. *See Mireless v. Waco*, 502 U.S. 9, 13 (1991). "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Id*. (citations omitted). Therefore, "[a] judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors," *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Further, judicial immunity shields from suit, not just from assessment of damages. *Mireless*, 502 U.S. at 11. Judicial immunity can be overcome in two circumstances. First, a judge is not immune from liability for his or her non-judicial acts. *Stump*, 435 U.S. at 360. Second, a judge is not immune for actions, though judicial in nature, that were taken in complete absence of all jurisdiction. *Id*. at 356–57. In determining whether an act is judicial, a court examines whether the act in contention is a function normally performed by a judge. *Id*. at 362.

Jurisdiction was proper and actions at issue, all involving adjudication of a prior civil proceeding, were undoubtedly judicial in nature and entitled to judicial immunity. In a Motion for Summary Judgment, Litton, as the moving party, was required to show there was no genuine issue as to any material fact and it was entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Once shown, Edokobi, as the party opposing summary judgment, was required to " 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Balt. Ravens Football Club, Inc*., 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed.R.Civ.P.

56(e)). Thus, once Litton provided evidence that it was not involved in the matters alleged, the burden was on Edokobi to provide evidence to establish a genuine issue concerning Litton's participation, and he failed to do so. Judge Motz found: 1) Litton filed evidence demonstrating it played no role in the change of locks or removal of Edokobi's possessions; and 2) Edokobi did not provide evidence to refute this information. On this basis, Litton was entitled to summary judgment as a matter of law.

The doctrine of absolute judicial immunity compels dismissal of this case. The Complaint will be dismissed inherent authority of this court to ensure that a plaintiff has standing, subject matter jurisdiction exists, and a case is not frivolous. *See Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307–308 (1989) (noting "[s]tatutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Ross v. Baron*, 493 Fed. Appx. 405 (4th Cir. 2012) (per curiam), citing *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (district courts have authority to dismiss frivolous complaint sua sponte, notwithstanding payment of the filing fee). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.' " *Montero v. Travis,* 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

### III. Conclusion

For the foregoing reasons, this matter will be dismissed by separate Order to follow.

 12/17/13                  _____/s/_____
Date                        DEBORAH K. CHASANOW
                            United States District Judge